IN THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| ) | |
| MICHAEL LAUER, ) | |
| MIZUHO CORPORATE BANK, LTD., ) | |
| KFP INVESTORS PARTNERSHIP, and ) | |
| TOWN OF GREENWICH ) | |
| CONNECTICUT, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

Plaintiff, United States of America, by its attorneys and, for its complaint herein, alleges as follows:

1.   This action is commenced to foreclose federal tax liens against property of the defendant Michael Lauer.

2.   The Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1340 and 1345 and 26 U.S.C. Sections 7402 and 7403.

3.   This action is authorized and sanctioned by the Chief Counsel, Internal Revenue Service, a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States, in accordance with the provisions of 26 U.S.C. Section 7401.

4.   The real property upon which the United States seeks to foreclose its liens is located in Fairfield County Connecticut and is within the jurisdiction of this Court.

1976915.1

5. Defendant Michael Lauer resides in Greenwich, Connecticut, within the jurisdiction of this Court.

6. Defendant Mizuho Corporate Bank, Ltd. is joined as a party to this action pursuant to 26 U.S.C. § 7403(b) as a person as defined in 26 U.S.C. § 7701(a)(1) who may claim an interest in the real property upon which the United States seeks to foreclose its tax liens.

7. Defendant KFP Investors Partnership is joined as a party to this action pursuant to 26 U.S.C. § 7403(b) as a person as defined in 26 U.S.C. § 7701(a)(1) who may claim an interest in the real property upon which the United States seeks to foreclose its tax liens.

8. Defendant Town of Greenwich Connecticut is joined as a party to this action pursuant to 26 U.S.C. § 7403(b) as a person as defined in 26 U.S.C. § 7701(a)(1) who may claim an interest in the real property upon which the United States seeks to foreclose its tax liens.

9. On December 30, 2002, a delegate of the Secretary of the Treasury of the United States made an assessment against Michael Lauer for unpaid income taxes in the amount of $4,016,361.00, penalty in the amount of $107,012.56, and interest in the amount of $103,424.13 for the year 2001 and gave notice and demand for payment.

10. Despite notice of the assessments and demand for payment, defendant Michael Lauer has refused to pay the full amount of the assessments described in paragraph nine above, and there remains due and owing on said assessments a total of $3,511,168.96 as of October 16, 2006, plus fees, interest, and all statutory additions thereafter as provided by law.

11. Pursuant to 26 U.S.C. Sections 6321, a lien in favor of the United States arose as of the dates and in the amounts of the assessments set forth in paragraph nine above, and attached

1976915.1

to all property and rights to property of defendant Michael Lauer, including the real property described in paragraph 13, below.

12.   On February 7, 2003, the United States filed a Notice of Federal Tax Lien in the Town of Greenwich Connecticut against defendant Michael Lauer in the amount of $2,588,493.69 for the tax year ending December 31, 2001 and recorded at Liber 4128, Page 0097.

13.   On May 7, 1999, defendant Michael Lauer acquired an ownership interest in certain real property located in Fairfield County, Florida, which ownership interest continues to date, namely: 7 Dwight Lane, Greenwich, Connecticut 06831 and being more particularly described as:

> Beginning at a point formed by the intersection of the division line between the premises herein described and land of Bruce S. Brickman and Maura Brickman, now or formerly, with the southerly line of Dwight lane, then running along land of Said Brickman,
>
> South 22° 23'30" East, a distance of 444.25 feet, South 89° 52'00" East, a distance of 242.00 feet, to land of Carl Gerken and Emma A. Gerken, now or formerly, then turning and running along land of said Gerken,
>
> South 9° 56'50" West, a distance of 274.16 feet, to the division line between the premises herein described and Lot "A" as depicted on map numbered 6354 in the Greenwich Land Records, then turning and running along said division line,
>
> North 89° 52' 00", a distance of 330.53 feet, to land of Steven G. Kaali and Olga Kaali, now or formerly; then turning and running along land of said Kaali to the following course: North 28° 00'50" West. A distance of 208.19 feet, North 71° 58'00 West, a distance of 25.30 feet, North 19° 12'00" West, a distance of 114.60 feet, North 28° 00'50" West, a distance of 39.00 feet, North 19° 12'00", a distance of 114.60 feet, North 71° 58'00" West, a distance of 25.30 feet, North 28° 00'50" West, a distance of 97.55 feet to the southerly line of Dwight Lane; then turning and running along the southerly line of Dwight Lane the following courses:
>
> on an arc length 33.30 feet along a circular curve to the left, having a radius of 350.00 feet and having a chord of North 38 58"02 East 33.29 feet,

an arc length of 195.88 feet along a circular curve to the right, having a radius of 250.00 feet,

an arc length of 70.82 feet along a circular curve to the left, having a radius of 300.00 feet to the point or place of beginning, containing 5.1001 acres, more or less.

14. Defendant Mizuho Corporate Bank, Ltd. may claim an interest in the real property described in paragraph thirteen based on mortgages filed in the Greenwich Land Records.

15. Defendant KFP Investors Partnership may claim an interest in the real property described in paragraph thirteen based on a certificate of attachment filed in the Greenwich Land Records.

16. Defendant City of Greenwich Connecticut may claim an interest in the real property described in paragraph thirteen based on unpaid real property taxes.

WHEREFORE, the plaintiff, United States of America, prays for the following relief:

A. That this Court determine that the federal tax liens of the United States of America attach to the real property described in paragraph thirteen above.

B. That this Court determine the priority of all claims to and liens upon the real property described in paragraph thirteen above.

C. That this Court adjudge and decree that the tax liens of the United States be foreclosed on the property described in paragraph thirteen above and that the property be sold free and clear of the liens and claims of all parties and that the proceeds of sale be distributed to the parties in accordance with the priority determined by the Court and to the United States to the extent of the unpaid balance of the assessments described in paragraph nine, plus fees, interest and statutory additions thereto as provided by law.

D.   That this Court grant the United States such other and further relief as the Court deems just and proper.

KEVIN J. O'CONNOR<br>
United States Attorney

By: *[signature]*
MARY APOSTOLAKOS HERVEY
Connecticut Bar No. phv01398
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6484
Telefax: (202) 514-9868
Mary.Apostolakos.Hervey@USDOJ.gov