UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 3:06-CV-01724(JCH) |
| MICHAEL LAUER,<br>MIZUHO CORPORATE BANK (USA),<br>KFP INVESTORS PARTNERSHIP, TOWN OF<br>GREENWICH CONNECTICUT, HEIDI LAUER<br>and HANNAH HEMPSTEAD, | : |
| Defendants. | : |
| MARTY STEINBERG, ESQ., COURT-APPOINTED<br>RECEIVER FOR LANCER MANAGEMENT GROUP<br>II, LLC, LANCER OFFSHORE, INC., OMNIFUND,<br>LTD., LSPV, INC., LSPV, LLC, ALPHA OMEGA<br>GROUP, INC., G.H. ASSOCIATES, LLC, CLR<br>ASSOCIATES, LLC and as RESPONSIBLE PERSON<br>FOR LANCER PARTNERS, L.P., | : |
| Intervenor-Defendant. | : |

## ORDER FOR SALE

This matter having come before the Court upon the Motion for Judgment of Foreclosure by Sale (the "Motion") filed by the defendant/cross-claimant/counter-claimant Mizuho Corporate Bank (USA) ("Mizuho"), seeking the foreclosure by sale of property owned by Michael Lauer ("Lauer") at 7 Dwight Lane, Greenwich, Connecticut (the "Premises"), and more particularly described in Exhibit "1," and upon the motion for entry of Order of Sale filed by the United States of America (the "United States"), and such motions having been presented to and considered by the Court, after due notice, ~~and hearing~~, and after this Court found in favor of Mizuho and the United States on their respective motions for summary judgment that each was entitled to foreclose on the Premises.

**IT IS HEREBY ORDERED THAT:**

1. The motions of Mizuho and the United States for a judgment of foreclosure by sale are granted and a judgment of foreclosure by sale shall enter in favor of Mizuho and the United States;

2. The Premises shall be sold by public auction to be conducted by an IRS Property Appraisal and Liquidation Specialist ("PALS"), to the highest bidder pursuant to the procedures and requirements of this Order, without any further orders or process from this Court;

3. Mizuho has a valid first priority mortgage lien on the Premises and is entitled to foreclose upon its interest therein to satisfy the indebtedness to it by Lauer;

4. Pursuant to 26 U.S.C. § 6321, the United States has a valid federal tax lien arising out of Michael Lauer's assessed and unpaid federal income tax liabilities for taxable year 2001, upon all property and rights to property belonging to Lauer including the Premises;

5. Pursuant to 26 U.S.C. § 6322, said tax lien arises upon the date of assessment and continues until the liability is satisfied or becomes unenforceable by reason of lapse of time;

6. The federal tax lien described above is valid and is being enforced in this action pursuant to 26 U.S.C. § 7403 through foreclosure upon the Premises;

7. PALS, or a duly authorized representative thereof, shall have access to the Premises during reasonable business hours, and may take all reasonable actions to conserve and preserve the Premises until a deed is delivered to a successful purchaser, including without limitation obtaining insurance for the Premises;

8. The sale by public auction shall be held at a location, date, and time designated by PALS in a Notice of Sale. PALS shall mail the Notice of Sale to each person listed in Exhibit "B" and shall publish notice thereof by advertising the Notice of Sale once each week for four (4) consecutive weeks preceding the date fixed for the sale in at least one newspaper regularly

issued and of general circulations in the county, state, or judicial district in the United States where the Premises is located, and by other notice that PALS may in his or her discretion deem appropriate. The notice shall contain a description of the Premises and contain the terms and conditions of the sale as set forth in this order;

9. The terms and conditions of the sale shall be as follows:

   (a) the Premises shall be sold "AS IS" without adjustment of any kind for any known, latent or after discovered defects and with no representations or warranties of any kind, express or implied, as to the condition of the Premises;

   (b) the Premises shall be sold free and clear of the liens being foreclosed and any subsequent encumbrances, but subject to:

   (i) any and all provisions of any ordinance, municipal regulation, or other public or private laws of the Town of Greenwich;

   (ii) taxes to the Town of Greenwich that may be due or become due and payable on the Premises;

   (iii) any and all liens or encumbrances choate or inchoate which are prior in right to the encumbrance being foreclosed;

   (iv) the right of the United States of America to redeem pursuant to the provisions of 28 U.S.C. § 2410; and,

   (v) any and all other utilities, restrictions, restrictive covenants, grants, easements, water rights, if any, and any state of facts which an accurate title search, survey or physical inspection may reveal;

   (c) the sale of the Premises is subject to the minimum bid of $2,500,000.00 (the "Minimum Bid"), and, except as set forth herein, the Premises may not be sold for an amount less than the Minimum Bid without further Order from the Court after notice and hearing;

   (d) the successful bidder shall be required to deposit with PALS by certified check or bank check made payable to the Clerk of Court a minimum of ten percent (10%) of the amount of the bid (the "Deposit") on the date of the sale. PALS shall immediately deliver the certified check or bank check to the Clerk of Court;

   (e) the successful bidder shall pay to PALS the remaining balance of the purchase price upon closing of title by certified check or bank check made payable to the Clerk of Court. The closing shall take place within thirty

3

(30) days of the sale date, and PALS shall immediately deliver the check to the Court; and,

(f) in the event the successful bidder fails to pay the remaining balance of the purchase price or fails to close on the Premises within thirty (30) days after the sale date, the Deposit shall be forfeited and first used to pay all expenses incurred by PALS relating to the sale, with any remaining amount being paid to Mizuho, and if any sums remain, then to the United States, and if any sums remain, then to the Receiver;

10. A secured creditor seeking to credit bid without the tender of cash may do so only for that portion of the bid that exceeds the total dollar amount of encumbrances that take priority over that creditor's secured interest. The cash portion of any bid must be sufficient to pay in full all prior encumbrances;

11. In the event PALS does not receive a bid equal to or exceeding the Minimum Bid, PALS shall be authorized to offer the Premises for public sale under the same terms and conditions set forth in this Order, at another amount approved and agreed upon by Mizuho and the United States, without further order of the Court;

12. Lauer and Heidi Lauer shall not commit waste or cause damage the Premises, or permit anyone else to commit waste or cause damage to the Premises, or do anything that would reduce the value or marketability of the Premises, or permit anyone else to do anything that would reduce the value or marketability of the Premises. Lauer and Heidi Lauer shall not record any instruments, publish any notice, or take any other action that directly or indirectly tends to adversely affect the value of the Premises or to discourage potential bidders from participating in the sale. No person receiving notice of this Order shall take any steps to impede PALS in the execution of his or her duties as set forth in this Order;

13. That all persons occupying the Premises shall deliver the Premises to PALS, including all keys thereto, suitably labeled, and shall permanently vacate the subject real property within thirty (30) days of the date this order is entered. Within thirty (30) days of the

date of this Order. Lauer shall deliver all keys via UPS or FedEx overnight service to PALS at IRS, Attn: Tim Smith, 60 Quaker Lane, Warwick, RI 02886. All such persons shall take with them their personal property, including without limitation any livestock, but without removing any improvements, building, fixtures and appurtenances on the subject real property. If any such person fails or refuses to vacate the Premises as specified herein, PALS and/or its agents are authorized and directed to take all actions reasonably necessary to eject that person. If any such person fails or refuses to remove his or her personal property from the Premises within the time specified herein, such personal property remaining on the subject real property thereafter is deemed forfeited and abandoned, and PALS and its agents are authorized to remove it from the Premises and dispose of it as PALS deems appropriate. This Order shall serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from this Court shall be required for this purpose;

14. The sale of the Premises shall be subject to confirmation by this Court, which shall be sought by joint motion of Mizuho and the United States within seven (7) days of a successful bid for the Premises, and upon confirmation and receipt of the full purchase price of such sale, the PALS shall conduct a closing at which the PALS shall execute and deliver a deed conveying the Premises to the purchaser. Upon closing, the liens and claims of the parties to the action shall attach to the proceeds of the sale in the same order and priority that their liens and claims attached to the Premises;

15. Within thirty (30) days after confirmation of sale, Mizuho and the United States shall certify the unpaid balance of each of their claims and file a statement thereof with the Court, and PALS shall ascertain the expenses of the sale, including without limitation any costs of publication and any expenses of preservation, and submit those expense for approval by the Court and payment out of the sale proceeds;

16. After payment of the costs of the sale as provided herein, the sale proceeds shall be distributed: (a) first, to Mizuho, by check made payable to "Mizuho Corporate Bank, (USA), Ltd." and delivered to Jonathan M. Borg, Esq., DAY PITNEY LLP, 7 Times Square, New York, NY 10036, the sum of $2,186,914.01 [~~$3,219,075.12~~], as set forth in the updated Affidavit of Debt attached to Mizuho's Motion for Sale and the Declaration of Jonathan M. Borg in Support of Attorneys' Fees, and the Ruling Re: Mizuho's Attorneys' Fees, plus additional legal fees, per diem interest, and such other amounts as may be shown to be due and owing through updated affidavits or otherwise; (b) second, to the United States by check made payable to the "United States of America" and delivered to Mary Apostolakos Hervey, Trial Attorney, United States Department of Justice, Tax Division, Room 6217, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044, the sum of $3,511,168.96 as of October 16, 2006 as set forth in the motion of the United States, plus fees, interest, statutory additions and such other amounts as may be shown to be due and owing through updated affidavits or otherwise; and, (c) third, the remainder, if any, to the Receiver;

17. This Court shall retain jurisdiction over this cause for purposes of making any and all further orders and decrees as may be just and equitable, including without limitation orders confirming the sale, when and if confirmation shall appear proper, and any further orders of distribution of the proceeds of the sale of the subject Premises.

U.S. DISTRICT JUDGE
Janet C Hall

6

# EXHIBIT A

## DESCRIPTION

ALL THAT CERTAIN tract, piece or parcel of land situate, lying and being in the Town of Greenwich, County of Fairfield and State of Connecticut, said parcel being more particularly bounded and described as follows:

BEGINNING AT a point formed by the intersection of the division line between the premises herein described and land of Bruce S. Brickman and Maura Brickman, now or formerly, with the southerly line of Dwight Land, then running along land of said Brickman,

    SOUTH: 22 degrees 23' 30" East, a distance of 444.25 feet,
    SOUTH: 89 degrees 52' 00" East, a distance of 242.00 feet,

TO LAND OF Carl Gerken and Emma A. Gerken, now or formerly; then turning and running along land of said Gerken:

    SOUTH: 9 degrees 56' 50" West, a distance of 274.16 feet,

TO THE DIVISION LINE between the premises herein described and Lot "A," as depicted on Map Numbered 6354 in the Greenwich Land Records; then turning and running along said division line,

    NORTH: 89 degrees 52' 00" West, a distance of 330.53 feet,

TO LAND OF Steven G. Kaali and Olga Kaali, now or formerly; then turning and running along land of said Kaali the following courses:

    NORTH: 28 degrees 00' 50" West, a distance of 208.19 feet,
    NORTH: 71 degrees 58' 00" West, a distance of 25.30 feet,
    NORTH: 19 degrees 12' 00" West, a distance of 114.60 feet,
    NORTH: 28 degrees 00' 50" West, a distance of 39.00 feet,
    NORTH: 19 degrees 12' 00" West, a distance of 114.60 feet,
    NORTH: 71 degrees 58' 00" West, a distance of 25.30 feet,
    NORTH: 28 degrees 00' 50" West, a distance of 97.55 feet,

TO THE SOUTHERLY line of Dwight Lane; then turning and running along the southerly line of Dwight Land the following courses:

ON AN ARC length 33.3 feet along a circular curve to the left having a radius of 350.00 feet, and having a chord of North 38 degrees 56' 02" East 33.29 feet,

AN ARC LENGTH of 195.88 feet along a circular curve to the right, having a radius of 250.00 feet,

AN ARC LENGTH of 70.82 feet along a circular curve to the left, having a radius of 300.00 feet to the point of place of beginning, containing 5.1001 acres, more or less

# EXHIBIT B

**EXHIBIT B**

Michael Lauer
7 Dwight Lane
Greenwich, CT 06831

Michael Lauer
4 East 89th Street, Apt. 6A
New York, NY 10128

Mary Apostolakos Hervey, Esq.
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 14198
Washington, DC 20044

Jonathan M. Borg, Esq.
DAY PITNEY LLP
7 Times Square
New York, NY 10036

Thomas J. O'Neill, Esq.
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06901-2047

Edward Kweskin, Esq.
Wofsey, Rosen, Kweskin & Kuriansky, LLP
600 Summer Street, 7th Floor
Stamford, CT 06901

James Berman, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Ave., Po Box 3186
Bridgeport, CT 06605-0186

James M. Nugent, Esq.
Harlow, Adams & Friedman, P.C
300 Bic Dr
Milford, CT 06460-3058

Heidi Lauer
4 East 89th Street, Apt 6A
New York, NY 10128

Heidi Lauer
5 Cider Mill Circle
Armonk, NY 10504

Hannah Hempstead
835 Dickson Street
Venice, California 90292