UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:06-cv-1724 (JCH) |
| : | |
| MICHAEL LAUER, MIZUHO : | JANUARY 9, 2009 |
| CORPORATE BANK, LTD., : | |
| KFP INVESTORS PARTNERSHIP, : | |
| TOWN OF GREENWICH, CT, HEIDI : | |
| LAUER, HANNAH HEMPSTEAD, : | |
|     Defendants, : | |
| : | |
| MARTY STEINBERG, ESQ., : | |
| COURT-APPOINTED RECEIVER FOR : | |
| LANCER MANAGEMENT GROUP II, : | |
| LLC, LANCER OFFSHORE, INC., : | |
| OMNIFUND, LTD., LSPV, INC., LSPV, : | |
| LLC, ALPHA OMEGA GROUP, INC., : | |
| G.H. ASSOCIATES, LLC, CLR : | |
| ASSOCIATES, LLC and as : | |
| RESPONSIBLE PERSON FOR : | |
| LANCER PARTNERS, L.P., : | |
|     Defendant-Intervenor. : | |

**RULING RE: MOTION OF DEFENDANT MIZUHO CORPORATE BANK, LTD. (USA) FOR RECONSIDERATION AND TO AMEND JUDGMENT (Doc. No. 133)[1]**

**I.   INTRODUCTION**

On April 22, 2008, defendant Mizuho Corporate Bank, LTD. (USA) ("Mizuho" or "movant") moved the court to award Mizuho $195,383.24 in attorney's costs and fees, plus additional costs from April 1, 2008 and fees from March 1, 2008. See Exhibit E to Mizuho's Motion for Judgment of Foreclosure by Sale (Doc. No. 110). The fees and costs incurred by Mizuho included actions taken by Day Pitney LLP, its predecessor

---

[1] The court assumes familiarity with the facts and background of this case. See Ruling Re: Motions for Summary Judgment (Doc. No. 107 ).

firm Pitney Hardin LLP, and the local counsel hired by Mizuho to assist in other jurisdictions. See id. at 2.

In a Ruling dated July 2, 2008, the court concluded that, for the reasons discussed therein, the Day Pitney and Pitney Hardin fees should be reduced by twenty percent. Consequently, the court awarded Mizuho $163,222.13 in attorney's fees and costs. See Ruling Re: Mizuho's Attorney's Fees (Doc. No. 130-2). Mizuho now brings the instant Motion for Reconsideration, requesting that the court reconsider the July 2, 2008 Ruling and reinstate the twenty percent the court reduced from the requested attorney's fees. Mizuho bases this request on a number of errors allegedly made by the court, as well as supplemental information it has submitted regarding the basis for the requested attorney's fees and costs. For the reasons that follow, Mizuho's Motion for Reconsideration and to Amend Judgment **(Doc. No. 133)** is **GRANTED** in part and **DENIED** in part.

## II.    STANDARD OF REVIEW

The standard for a motion to reconsider is strict. Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion should not be granted where the moving party seeks solely to relitigate an issue already decided. Id. A motion to reconsider is proper, however, when the moving party can point to controlling decisions or data that the court overlooked. Id.

## III.   DISCUSSION

The court declines to reconsider the July 2, 2008 Ruling, except with respect to certain errors discussed below. The movant has not suggested the court

miscomprehended the law or that any new law has intervened.  Further, most of the information presented in the pending Motion could have been presented to the court with the original Motion for Judgment (Doc. No. 110).  Movant makes no showing that such information was previously unavailable.[2]  Therefore, with the exceptions that follow, the Motion to Reconsider is denied.[3]

Movant points out that the court mistakenly stated that, inter alia, there was no evidence in the record as to the experience level of Attorney Mierzwa, when such information was contained in Attorney Borg's Declaration.  Thus, the court incorrectly treated Attorney Mierzwa as a first year associate in 2005, when in fact he was an eighth year associate.  Based on the recent submission, Attorney Mierzwa worked 4.1 hours on the matter.  Because the movant did not provide detailed records with its original filing, see Ruling Re: Mizuho's Attorney's Fees (Doc. No. 130-2), the court was unable to individually reduce the rates of attorneys for which it lacked – or believed it lacked – information concerning experience.  Thus, given that the court made no specific reduction of Mizuho's fees based on Attorney Mierzwa's experience level, an increase based on the court's oversight regarding Attorney Mierzwa's experience is unwarranted.  Further, to the extent the court relied on Attorney Mierzwa's experience in calculating its overall twenty percent reduction, the court notes that Attorney Mierzwa

---

[2] The court's directive, at footnote four of its previous ruling, was not an invitation to revisit these fees, but rather advice to counsel as to what to submit if it sought further fees for the time after its original application.

[3] It bears noting that movant first requested fees in its Motion for Judgment (Doc. No. 110), submitting a six-page affidavit which contained no information about hours worked by each timekeeper or the level of experience of expertise of the time keepers.  The court, rather than denying the attorney's fees application, issued an order inviting movant to supplement its filing.  See Order (Doc. No. 123).

worked only 4.1 hours on this case.  Consequently, the amount at issue is very small.  For these reasons, the court declines to adjust the fee award based on its oversight concerning Attorney Mierzwa's experience.

Movant also notes that the court referred to Attorney Borg's rate in 2007 as $455.00, see Doc. No. 130-2 at 4, when in fact Attorney Borg had affirmed that his 2007 rate was $355.00.  Based on its familiarity with hourly rates in Connecticut, generally, in commercial litigation, and in foreclosures, and based upon Attorney Kaelin's rate in 2007 (even adjusted for Fairfield County), the court finds Attorney Borg's reasonable hourly rate in 2007 to be $350.00.  Given that the court reduced the fee application by twenty percent, in essence it previously treated Attorney Borg's rate as $364.00 ($455.00 x 0.8).  Thus, the court reconsiders its award and decreases it in this regard by $870.80 (i.e., 62.2 hours x ($364.00 - $350.00)).

Finally, the movant points out that the court cited Attorney Hofsdal's rate as $350.00 in 2007 when this was, in fact, her 2008 rate; her 2007 rate was $310.00.  Given that the court now has Attorney Hofsdal's hours billed in 2007, the court will reconsider its decision and add $3,567.00 to the earlier award (i.e., 118.9 hours x ($310.00 - ($350.00 x 0.8)).

Thus, upon reconsideration of those areas where the movant has directed the court's attention to errors it made, the award should be adjusted to add $2,696.20 (i.e., $3,567.00 - $870.80).  An Amended Judgment should issue, with an award of attorney's fees and costs of $165,918.33 (i.e., $163,222.13 + $2,696.20).

## IV.     CONCLUSION

For the foregoing reasons, Mizuho's Motion to Reconsider (Doc. No. 133) is **GRANTED** in part and **DENIED** in part.  To the extent it is granted, the court reconsiders its award of attorney's fees and increases that award by $2,696.20. Accordingly, the Motion to Amend (Doc. No. 133) is **GRANTED** and the Judgment is **AMENDED** to add that amount to the award of attorney's fees and costs, so that the total award is now $165,918.33.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 9th day of January, 2009.


        /s/ Janet C. Hall        
        Janet C. Hall
        United States District Judge